UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:08-CR-134(01)RM |
| | ) | |
| HARRY L. MITCHELL | ) | |

OPINION and ORDER

The court is in receipt of a letter from defendant Harry Mitchell (Doc. No. 46) in which Mr. Mitchell requests that the court modify his sentence in accordance with the revised cocaine base (crack) ratio calculations. Mr. Mitchell acknowledges that he was sentenced to the statutory minimum 120 months and acknowledges that the modification to the crack ratio calculation doesn't work to modify sentences below the statutory minimum, but he asks for a sentence reduction nonetheless.

The court has no power to modify Mr. Mitchell's sentence. The court of appeals has said that the Fair Sentencing Act of 2010, which reset the drug quantities that trigger the mandatory minimums, can't be applied retroactively. United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010) (concluding that the savings statute, 1 U.S.C. § 109, works to bar the retroactive application of the changes to the crack cocaine ratios). For a change in the ratios to retroactively affect sentences already handed down, Congress would have had to explicitly provide for that in the FSA. 1 U.S.C. § 109.

This leaves the court without the necessary authority to modify a mandatory minimum sentence that was called for by a statute. Bell, 624 F.3d at 814. Thus, the court DENIES Mr. Mitchell's requested sentence reduction.

SO ORDERED.

ENTERED: April 13, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: H. Mitchell
 F. Schaffer-AUSA