UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:08-CR-134-RLM |
| | ) | |
| HARRY LEMYONE MITCHELL | ) | |

OPINION and ORDER

Harry Mitchell pleaded guilty to a charge of possessing with intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack) in an amount over fifty grams in violation of 21 U.S.C. § 841(a)(1). On May 1, 2009, the court sentenced Mr. Mitchell to 120 months' imprisonment, then the minimum term of imprisonment for a violation of 21 U.S.C. § 841(a)(1), to be followed by a five-year supervised release term. On March 16, 2012, the court received a letter from Mr. Mitchell in which he requested that his sentence be modified under the revised cocaine base (crack) ratio calculations, even though he was sentenced to the statutory minimum term of imprisonment. The court had no power to modify Mr. Mitchell's sentence because the Fair Sentencing Act of 2010, which reset the drug quantities that trigger the mandatory minimums, isn't retroactive. United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010). As a result, the court denied Mr. Mitchell's requested sentence reduction.

In June 2013, Mr. Mitchell filed a motion requesting that his sentence be reduced, again based on the Fair Sentencing Act's revised cocaine base (crack) ratio calculations. He argued that the Act was made retroactive by Dorsey v.

United States, 132 S. Ct. 2321 (2012). The Supreme Court held in Dorsey that the Act's more lenient mandatory minimum sentences applied to offenders who committed an offense before the Act took effect on August 3, 2010 but who weren't sentenced until after the Act took effect. 132 S. Ct. 2321, 2335 (2012). Mr. Mitchell's October 29, 2008 crime and his May 1, 2009 sentencing both took place over a year before the Act went into effect, so the court held that Dorsey's application of the Act's lower mandatory minimum sentences to the post-Act sentencing of pre-Act offenders didn't apply to Mr. Mitchell. United States v. Robinson, 697 F.3d 443, 444-445 (7th Cir. 2012). Mr. Mitchell has filed a motion for reconsideration of that decision and a subsequent supplement to that motion. He claims that the court didn't address his ambiguity and equal protection arguments.

Mr. Mitchell argues that the Supreme Court's interpretation of the Fair Sentencing Act in Dorsey is ambiguous. Mr. Mitchell challenges the court's interpretation of section eight of the Act that "instructed the Commission to 'make such conforming amendments to the Federal sentencing guidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law.'" Dorsey v. United States, 132 S. Ct. 2321, 2329 (2012). Consistency with other guideline provisions, the court determined, means reducing the base offense levels for all crack amounts proportionally using the new 18–to–1 ratio. Id. at 2333. Consistency with other guideline provisions and prior Sentencing Commission practice, the court

concluded, "require[s] application of the new Guidelines amendments to offenders who committed their offense prior to the new amendments' effective date but were sentenced thereafter." Id. Mr. Mitchell claims the language of section eight could also include § 1B1.10 sentence reductions. Pursuant to 18 U.S.C. § 3582(c)(2), a court can reduce a defendant's term of imprisonment if the defendant's guideline range has subsequently been lowered by the Sentencing Commission. U.S.S.G. § 1B1.10(a)(1) (2013). The Dorsey decision, however, determined the meaning of section eight, thus eliminating any ambiguity. The court's interpretation of the Act isn't ambiguous because it differs from Mr. Mitchell's proposed interpretation.

Mr. Mitchell argues that no case law or statute exists that prohibits the Sentencing Commission from deeming an 18 U.S.C. § 3582(c) modification sentence to be an initial sentencing for the purposes of application of the Fair Sentencing Act. "[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." Dorsey v. United States, 132 S. Ct. 2321, 2335 (2012). In Dorsey, the Court considered the competing language of the savings statute, 1 U.S.C. § 109, that invokes the penalties when the offender commits the crime and of the Sentencing Reform Act, 18 U.S.C. § 3553(a)(4)(A)(ii), that invokes the penalties when the offender is sentenced, to determine whether the Act applied to the group of pre-Act offenders sentenced post-Act. 132 S. Ct. at 2330-2331. The Court's decision eliminated any slight ambiguity in the Act's

language that resulted in the confusion over the Act's application to that small group of offenders. For the Act to be retroactive beyond its effective date, the Act's language must explicitly state as much, 1 U.S.C. § 109, and it doesn't do so. The Dorsey decision doesn't address the issue and doesn't contain any ambiguous statements regarding the retroactivity of the Act beyond its effective date.

Finally, Mr. Mitchell argues that the Dorsey decision is ambiguous as to whether the Act applies to sentences imposed as a result of direct appeal, as a result of § 2255 motion, or pursuant to § 3582(c)(2). "Dorsey carefully confined its application of the Fair Sentencing Act to pre-Act offenders who were sentenced after the Act." United States v. Robinson, 697 F.3d 443, 445 (7th Cir. 2012). For the purposes of the Act's application, a resentencing is a sentencing, and a successful direct appeal or § 2255 motion results in a resentencing. A proceeding under § 3582(c)(2), isn't a sentencing or resentencing, Dillon v. United States, 560 U.S. 817, 825 (2010), and so doesn't result in application of the Act's revised sentences, United States v. Foster, 706 F.3d 887, 888 (7th Cir. 2013) cert. denied, 134 S. Ct. 249 (2013) (offender sentenced pre-Act covered by pre-Act version of the cocaine statutes because proceeding under § 3582 isn't a full resentencing). Dorsey wasn't ambiguous on this point because the difference between a sentencing or resentencing and a proceeding pursuant to § 3582 was determined in Dillon v. United States, 560 U.S. 817, 825 (2010).

Mr. Mitchell also argues that by not retroactively applying the Fair Sentencing Act's revised cocaine base (crack) ratio calculations, the courts are violating defendants' equal protection rights because section eight of the Act requires that the Act be applied to achieve consistency with "other guideline provisions and applicable law." Mr. Mitchell concludes that the Act's more lenient mandatory minimum sentences must be consistent with the "other guideline provisions" of § 1B1.10 that require a court determining a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) to consider the sentence the court would have imposed if the amendments to the guideline had been in effect at the time of sentencing. Mr. Mitchell doesn't explain how this alleged erroneous application of the Act violates defendants' equal protection rights.

"[T]he Due Process Clause of the Fifth Amendment contains an equal protection component prohibiting the United States from invidiously discriminating between individuals or groups." Washington v. Davis, 426 U.S. 229, 239 (1976). Mr. Mitchell's earlier motion cited the Sixth Circuit court of appeals decision United States v. Blewett in which the court held that the former cocaine base (crack) ratio calculations were racially discriminatory in effect and "to deny retroactive application of the Fair Sentencing Act would result in a violation of equal protection." 719 F.3d 482, 487-488 (6th Cir.), rev'd en banc, Nos. 12-5226, 12-5582, 2013 WL 6231727 (6th Cir. Dec. 3, 2013). The Blewett decision was subsequently overturned, however, with the court stating, "[c]onsistent with a 142–year–old congressional presumption against

applying reductions in criminal penalties to those already sentenced, consistent with the views of all nine Justices and all of the litigants in Dorsey v. United States, consistent with the decisions of every other court of appeals in the country, and consistent with dozens of our own decisions, we hold that the Act does not retroactively undo final sentences." United States v. Blewett, Nos. 12-5226, 12-5582, 2013 WL 6231727, at *1 (6th Cir. Dec. 3, 2013) (citations omitted). The court concluded that the constitutionality of the prior crack and powder cocaine sentencing disparities has long been upheld. Id. at *11. Further, the equal protection component of the due process clause only forbids intentional discrimination, and the court found no evidence that Congress intended to discriminate when it didn't apply the Act to defendants of all races who were sentenced before the Act took effect. Id.; see also United States v. Chandler, 996 F.2d 917, 918 (7th Cir. 1993) (100 to one cocaine to cocaine base (crack) ratio for sentencing purposes doesn't violate the Equal Protection Clause). Mr. Mitchell hasn't alleged or brought forth any evidence that Congress intended to discriminate against certain individuals or groups by not retroactively applying the Act's revised cocaine base (crack) ratio calculations, and as a result, Mr. Mitchell hasn't shown an equal protection violation.

The Supreme Court's interpretation of the Fair Sentencing Act in Dorsey isn't ambiguous, and the courts aren't violating Mr. Mitchell's equal protection rights by not retroactively applying the Act. The Act's lower mandatory minimum sentences aren't applied retroactively, United States v. Robinson,

697 F.3d 443, 446 (7th Cir. 2012), and Mr. Mitchell isn't entitled to a sentence reduction pursuant to 18 U.S.C. § 3582 because he received the lowest possible sentence under the statute. The court DENIES Mr. Mitchell's motion for reconsideration of the denial of his motion for a reduced sentence pursuant to 18 U.S.C. § 3582 (Doc. No. 50) and Mr. Mitchell's motion to supplement the aforementioned motion (Doc. No. 51).

SO ORDERED.

ENTERED:  February 7, 2014

/s/ Robert L. Miller, Jr.
Judge
United States District Court